## WEST *v.* HANCOCK COUNTY.

A claim for services alleged to have been rendered as a juror in a superior court is not collectable by a direct action against the county. If a person is entitled to compensation for such services, he should procure a proper certificate from the clerk of the court, which is by operation of law a warrant on the county treasury. If the clerk should improperly refuse to issue such certificate, he can be compelled to do so by mandamus.

Submitted February 10, — Decided March 24, 1898.

Complaint on account. Before Judge Reese. Hancock superior court. August term, 1897.

*William H. Burwell* and *Hunt & Merritt,* for plaintiff.
*Little & Whitehead,* for defendant.

LUMPKIN, P. J.   The plaintiff below, who is also the plaintiff in error, brought in a justice's court an action against Hancock County upon an account for services alleged to have been rendered by him as a " tales juror."   A verdict in his favor for four dollars and costs was, on certiorari, set aside, and he excepted.   Without now undertaking to decide whether or not, upon the evidence submitted, the County of Hancock was liable to Mr. West for the jury-fees claimed by him, we are quite certain that he could not enforce the collection of the same by a direct action against the county.   "A county is not liable to suit for any cause of action unless made so by statute." Political Code, § 341.   No provision has been made by the legislature for a case such as the present being maintained against a county.   Section 832 of the Penal Code provides that "the

clerk of the superior court shall issue to the jurors . . a certificate, which shall be a warrant on the county treasury for the amount of the money due such juror, . . and the county treasurer shall pay the same out of the fund" raised by taxation for this purpose. If, therefore, the plaintiff was entitled to compensation as a juror, he should have applied to the clerk of the superior court of Hancock county for a proper certificate; and if the latter refused to issue the same, he could have been compelled to do so by mandamus.

*Judgment affirmed. All concurring, except Cobb, J., absent.*